IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jerome A. Vaughn, #354403, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 1:17-3449-TMC |
| v. | ) | |
| | ) | **ORDER** |
| South Carolina Dept. of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se and *in forma pauperis*, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 20), recommending that the court grant Respondent's motion for summary judgment. (ECF No. 16). Petitioner was advised of his right to file objections to the Report. (ECF No. 20 at 7). However, Petitioner filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

After a careful and thorough review of the record under the appropriate standards, the court adopts the magistrate judge's Report (ECF No. 20) and incorporates it herein. It is therefore **ORDERED** that Respondent's motion for summary judgment (ECF No. 16) is **GRANTED**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

May 21, 2018
Anderson, South Carolina